MANSFIELD, Justice
(concurring specially).
I join the court’s well-reasoned opinion. This case can be, and as a practical matter has been, decided under Fourth Amendment caselaw. When a party does not advocate a separate interpretation of article I, section 8, but simply argues federal constitutional precedent, we should not be freelancing under the Iowa Constitution without the benefit of an adversarial presentation. See State v. Baldon, 829 N.W.2d 785, 837 n. 46 (Iowa 2013) (Mansfield, J., dissenting); see also State v. Lowe, 812 N.W.2d-554, 566 (Iowa 2012) (“‘[W]e generally decline to consider an independent state constitutional standard based upon a mere citation to the applicable state constitutional provision.’” (quoting State v. Effler, 769 N.W.2d 880, 895 (Iowa 2009) (Appel, J., specially concurring))). Here the *300 court has not departed from federal constitutional precedent in the absence of separate Iowa constitutional briefing. Instead, it has applied federal and state search and seizure provisions consistently, and in my view correctly.
WATERMAN, J., joins this special concurrence.